# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF KANSAS

In Re:

DONALD ERIC OKESON,                              Case No. 25-40578-12
        Debtor.

## CHAPTER 12 PLAN

COMES NOW Donald Eric Okeson (hereinafter "Debtor"), by and through his attorneys, Stumbo Hanson, LLP, and hereby files his Chapter 12 Plan.

## THE PLAN

The Debtor hereby proposes a plan of adjustment of his debts pursuant to Chapter 12, Title 11, U.S.C. All terms herein shall have the definitions used in the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure and the local rules of the United States Bankruptcy Court for the District of Kansas.

    A.    **General Provisions**

        1.    **Submission of Income.**

The Debtor shall pay to the Trustee such portion of the Debtor's earnings and other future income as is necessary for the execution of this Plan. In no event shall the portion of the Debtor's earnings or other future income paid to the Trustee be less than the Debtor's disposable income. The Debtor's Plan shall be for a duration of three to five years during which time the Debtor's disposable income shall be paid to unsecured creditors beginning on the date that the first payment is due under the plan. Debtor's obligation to report and pay to the Trustee his disposable income shall exist for the entire duration of the plan, for a minimum of three (3) years, and a maximum of five (5) years. The estimated duration of this Plan is three (3) years.

        2.    **Vesting of Assets**.

Except as hereinafter specified in the Plan, confirmation of this Plan shall vest all assets of the estate in the Debtor subject only to liens and encumbrances as recognized herein.

3. **Executory Contracts and Leases.**

All executory contracts or leases of the Debtor are hereby assumed except for the following: NONE

4. **Debtor's Right to Cure.**

The Debtor may cure any default in payment pursuant to this Plan by paying such payment within 30 days of the date originally due.

5. **Payments.**

All payments to be paid during the Plan, shall be paid to the Trustee and will include a sum for the payment to the creditors, as provided in the Plan as confirmed by the Court, plus the Trustee's fee of 11.111115%. The attached projections assume monthly, semi-annual and annual payments. The first monthly payments will become due thirty (30) days after the effective date, and will continue successively thereafter until the creditors to receive such payments are paid as provided herein. Any creditor receiving a semi-annual payment will receive its first semi-annual payment as outlined herein and shall receive successive semi-annual payments thereafter until the creditor's claim is paid as provided herein. Any creditor receiving an annual payment will receive its first payment as outlined herein, and shall receive successive annual payments thereafter until the creditor's claim is paid as provided herein, unless otherwise provided.

6. **Effective Date of the Plan.**

The Plan becomes effective 14 days after the entry of the Order of Confirmation by the United States Bankruptcy Court.

7. **Effect of Confirmation**

The court shall retain jurisdiction over the assets of the estate pending the Debtor's discharge. The Debtor may seek modification of the Plan after confirmation pursuant to 11 U.S.C. § 1229 upon such notice as the Court shall direct. Confirmation shall bind the Debtor and each of his creditors as provided in 11 U.S.C. § 1227. Except as otherwise ordered by the Court, the confirmation of the Plan shall continue to act as a stay of any action against the Debtor or the Debtor's property.

8. **Discharge**.

Upon the completion of all payments provided for in the Plan, the Debtor shall be granted a discharge of his indebtedness herein except as provided by 11 U.S.C. § 1228(a).

9. **Prepayment**.

Debtor reserves the right to prepay all or any part of his debts described herein after the Debtor become eligible for discharge. Prior to becoming eligible for discharge, the Debtor may prepay all or any part of his debts only after the general unsecured class (Class 5) is paid in full.

10. **Liens Retained.**

Each secured creditor shall retain its lien until a discharge is granted by the court.

B. **Confirmation of the Plan.**

The Debtor anticipates that the United States Bankruptcy Court will hold a hearing on confirmation of the Plan pursuant to 11 U.S.C. § 1224. The Debtor alleges that this Plan complies with 11 U.S.C. § 1222 and that it should be confirmed pursuant to 11 U.S.C. § 1225. Particularly, the Debtor alleges that this Plan provides for payments on account of each allowed unsecured claim in an amount in excess of that which would be paid on such claim if the estate of the Debtor

was liquidated under Chapter 7 of Title 11 (See, Exhibit "A" attached hereto, titled Donald Eric Okeson, Liquidation Analysis), and that the Debtor will be able to make all the payments under this Plan and to comply with the Plan (See, Exhibit "B", attached hereto, titled Donald Eric Okeson, Projected Cash Flow). Exhibit "B" represents a typical plan year so that a specific projection for each year is not provided.

    C.    **Classification of Claims.**

        **Class 1 - Administrative Claims**
        **This Class consists of all administrative expenses as allowed by the court.**

        **Class 2 - Priority Unsecured Claims**
        **This Class consists of all priority unsecured claims.**

        **Class 3 - Secured Claim of FNB Bank.**

        **Class 4 - Secured Claim of Golden Plains Credit Union.**

        **Class 5 – General Unsecured Claims.** This Class consists of all unsecured claims except those described Classes 1 and 2.

    D.    **Specific Treatment of Claims.**

**Class 1- Administrative Claims.** Class 1 claims consist of those administrative expenses that are allowed by the court pursuant to 11 U.S.C. § 503. The fees for legal representation in this matter are expected to total $30,000.00. A retainer in the amount of $20,000.00 was paid pre-petition by the Debtor's parents, Donald T & Judith L. Okeson. The balance of fees shall be paid in three equal annual installments of **$3,333.33** with the first payment becoming due on the first anniversary of the effective date of the plan and annually thereafter until paid in full. The trustee's fee on each payment is estimated to be **$370.33**.

**Class 2- Priority Unsecured Claims.** This class consists of all unsecured claims entitled to priority pursuant to 11 U.S.C. § 507. The Debtor is currently unaware of any priority claims.

Notwithstanding, there is a chance that with the liquidation of a portion of the Debtor's non-exempt, farm income producing assets, tax may be triggered from recaptured depreciation and capital gains in an amount yet to be determined. In the event tax is triggered, such tax will be treated as general unsecured debt pursuant to 11 U.S.C. § 1232(a) to be classified and addressed under the provisions of Class 5 of this Chapter 12 Plan

**Class 3- Secured Claims of FNB Bank.** Class 3 consists of the secured claims of FNB Bank, Goodland, Kansas. (Claim Nos. 2 & 3 as filed herein on September 17, 2025). Claim No. 2 is secured by a mortgage on Debtor's residential real estate described as follows:

> A tract of land in the SE ¼ of 3-14-42, West of the 6th P.M., Wallace County, Kansas more particularly described as follows: Beginning at a point located six hundred twenty-six feet and one-half (626 ½) feet due West and four hundred seventy (470 feet due South of the Northeast corner of the Southeast Quarter (SE ¼) of Section Three (3), in township Fourteen (14) South, Range Forty-two (42), thence one hundred ninety (190) feet West; thence one hundred twenty-five (125) feet South; thence one hundred ninety (190) feet East; thence one hundred twenty-five (125) feet North to the point of beginning

> More commonly referred to as 235 Miller Drive, Weskan, Kansas 67762.

Claim No. 3 is secured by properly perfected security interests in Debtor's agricultural related personal property including all accounts and other rights to payment; deposit accounts; documents; general intangibles, instruments and chattel paper; investment property; inventory; equipment ; farm products and supplies; government payments and programs; equity from cattle sold in 2023 in the form of cash or claim against 4M Feeders and including the following listed vehicles:

```
1994 Peterbilt, Model 1D41076C0L0
1997 Kenworth T800 VIN 1XKDD29X5VR730818
2004 Ford F250 Super Duty VIN 1FTNW21L74ED21101
1994 Cattle Trailer VIN 1MT2N4825RH008897
1995 48' Drop Deck Trailer VIN 13N248301S1565485
1998 Ford PK VIN 1FTPF28L9WKA63344
```

FNB Bank's claims will be addressed under two (2) Subclasses, Subclass A being the residential

mortgage claim and Subclass B being the claim secured by Debtor's agricultural related personal property.

    **Subclass A** – The claim of FNB Bank secured by a lien on the Debtor's residence totaling $15,461.36 at the time of filing shall be paid in monthly installments of principal and interest at the rate of 6.739% over 240 months with the first of such payments in the amount of **$117.46** commencing the first day of the first month following effective date of the Plan. The trustee fee on each payment is assumed to be **$13.05**. FNB Bank's mortgage lien in the above real estate shall remain in full force and effect until the Debtor completes his payment of FNB Bank's secured claim.

    **Subclass B** – That portion of FNB Bank claim secured by liens upon Debtor's agricultural related personal property has been determined by the Debtor to total $178,321.36, and $80,000.00 of said amount is what the Debtor has estimated as his claim against 4M Feeders for Debtor's share of fat cattle sale proceeds, $2,500 each for two (2) horses, $1,000 each for two saddles and $3,000.00 for a horse trailer which have not been paid to the debtor and against which FNB Bank's secured claim is properly perfected.  Debtor abandons his claim against 4M Feeders to FNB Bank in partial satisfaction of its claim under this subclass and proposes to pay the value of the personal property remaining which secures FNB Bank's claim by paying the value thereof in the amount of $98,321.36 in seven equal annual installments of principal and interest at the rate of 6.93% with the first of such installments of **$18,199.35** commencing within 30 days of the effective date of the Plan, with annual payments thereafter until paid in full. The trustee fee on each payment is assumed to be **$2,022.15**. FNB Bank's lien in the Debtor's agricultural related personal property shall remain in full force and effect until the Debtor completes his payment of

FNB Bank's claim secured thereupon.

**Class 4- Secured Claim of Golden Plains Credit Union.** Class 4 consists of the secured claim of Golden Plains Credit Union secured by a lien upon Debtor's 2022 GMC Sierra 2500 HD Pickup truck. The installments due to be paid Golden Plains Credit Union on account of this claim are current and accrue in the amount of **$1,413.56** per month. Debtor will continue to make such installments as they come due according to the terms of the financing agreement between him and Golden Plains Credit Union without modification. Because the Debtor is not modifying the payment to Golden Plains Credit Union on account of its financing agreement on the subject motor vehicle, there will be no commission paid to the Chapter 12 Trustee. Golden Plains Credit Union shall continue to retain its lien on the motor vehicle until its claim is paid in full.

**Class 5 - General Unsecured Claims.** Class 5 consists of the allowed general unsecured claims. This Class shall receive the greater of the Chapter 7 Liquidation value of Debtor's estate or the excess disposable income over the duration of the Debtor's Plan. The net liquidation value of Debtor's non-exempt assets as listed in Exhibit "A" is **$24.00**. This value will be paid over the Chapter 12 Trustee within 30 days of the effective date of the Plan for distribution pro-rata to the general unsecured claims. The trustee commission on said amount to be paid the Chapter 12 Trustee shall be **$2.67**. Debtor does not anticipate any excess disposable earnings after paying his essential living expenses and scheduled Plan Payments listed above.

**Dated:** 11-20-25     /s/ _____
**DONALD ERIC OKESON**

**STUMBO HANSON, LLP**

By: _s/ Tom R. Barnes II_
**TOM R. BARNES II**, #13437

2887 S.W. MacVicar Ave.
Topeka, KS 66611
(785) 267-3410; 267-9516 (fax)
tom@stumbolaw.com
Attorneys for Debtor

In re: Donald Eric Okeson  Exhibit A
Case No. 25-40578-12

LIQUIDATION ANALYSIS

| Asset: | Fair Market Value (Per Debtor) | Lien(s) | Asserted Lien Amount(s) | Equity |
|---|---|---|---|---|
| **Part 1: Residence, Building, Land or Other Real Estate** | | | | |
| 235 Miller Drive, Weskan, KS 67762 | $ 40,000.00 | FNB Bank | $ 15,461.36 | Exempt |
| **Part 2: Vehicles** | | | | |
| 2023 GMC Denali | $ 68,000.00 | Golden Belt C.U. | $ 70,421.55 | |
| 2016 Cadillac STX | $ 6,500.00 | | | Exempt |
| **Part 3: Personal and Household Items** | | | | |
| Household goods | $ 10,000.00 | | | Exempt |
| Household electronics | $ 1,000.00 | | | Exempt |
| Clothing | $ 300.00 | | | Exempt |
| **Part 4: Investments** | | | | |
| Cash | $ 19.00 | | | $ 19.00 |
| Checking FNB Bank (3520) | $ 2,160.00 | FNB Bank | | |
| Checking FNB Bank (3795) | $ - | | | |
| Golden Plains C.U. Share Account | $ 5.00 | | | $ 5.00 |
| Transamerican Life | $ 31,474.85 | | | Exempt |
| AAL | $ 2,056.00 | | | Exempt |
| Thrivent | $ 3,281.10 | | | Exempt |
| Estimated Claim agains 4M Feeders | $ 80,000.00 | FNB Bank | | |
| **Part 5: Busniess- Related Property** | | | | |
| None | | | | |
| **Part 6: Farming Rlated Assets (other than Titled motor vehicles and land)** | | | | |
| Two Geldings in Weskan | $ 1,000.00 | FNB Bank | | |
| 1/2 interest in 1994 Merrit Cattle Trailer | $ 6,000.00 | | | Exempt |
| 7x6 Flex King Sweep w/ Pickers | $ 1,750.00 | FNB Bank | | |

| | | | | |
|---|---|---|---|---|
| 2006 36' Sunflower Disc | $ | 18,000.00 | FNB Bank | |
| Blatner Calving Stall 3000 | $ | 3,000.00 | FNB Bank | |
| 48' Drop Deck Semi Trailer | $ | 7,000.00 | FNB Bank | |
| 1998 Kenworth T800 | $ | 9,100.00 | FNB Bank | |
| 5x6 Noble Sweeps | $ | 250.00 | FNB Bank | |
| Degelman Hay Fork | $ | 250.00 | FNB Bank | |
| JD 886 8 Row Cultivator | $ | 1,750.00 | FNB Bank | |
| Yamaha Viking Side by Side | $ | 6,400.00 | FNB Bank | |
| 2004 F-250 w/ bale bed | $ | 3,000.00 | FNB Bank | |
| 1998 F-250 | $ | 750.00 | FNB Bank | |
| GB 1998 Loader | $ | 2,000.00 | FNB Bank | |
| 1994 Peterbuilt Semi | $ | 15,000.00 | FNB Bank | |
| Shop built hay trailer | $ | 1,000.00 | FNB Bank | |
| Speed Mover Blade | $ | 250.00 | FNB Bank | |
| JD 3320 Tractor w/ attachments | $ | 7,700.00 | FNB Bank | |
| WW Working System w/ Panels | $ | 2,500.00 | FNB Bank | |
| 2002 Wilson Corral Catch System | $ | 1,500.00 | | Exempt |
| | $ | 332,995.95 | | $ 24.00 |
| | | | | |
| | Total Value of Assets | | | $ 332,995.95 |
| | Less Sec. Claim of FNB Bank | | | $ (178,321.36) |
| | Less Sec. Claim of Golden Belt C.U. | | | $ (68,000.00) |
| | Total Unencumbered Assets | | | $ 86,674.59 |
| | Less Exempt Assets | | | $ (86,650.59) |
| | Chapter 7 Liquidation Value | | | $ 24.00 |

Exhibit "B"

# FARM CASH FLOW PROJECTIONS

Donald Eric Okeson

| | | |
|---|---:|---:|
| Income on Farm Machinery and Custom Farming | $ 38,500.00 | |
| Off Farm Income - Seaboard RNG (Net after Payroll Deductions) | $ 45,381.96 | |
| **Gross Income** | | **$ 83,881.96** |

LESS EXPENSES

| | |
|---|---:|
| Insurance Farm Machinery and Equipment | 9152 |
| Office supplies | 50 |
| Legal & Accounting | 750 |
| Personal Living | 31440 |
| **Total Expenses** | **$ 41,392.00** |

DEBT SERVICE    **Debtor's Plan**

| Creditor | Purpose | Payment | x Per Yr. | Annual | |
|---|---|---:|---:|---:|---:|
| Stumbo Hanson | Class 1 | 3333.33 | 1 | 3333.33 | |
| Chapter 12 Trustee | Annual Payments | 2395.19 | 1 | 2395.19 | |
| | Monthly Payments | 13.05 | 12 | 156.61 | |
| Priority | Class 2 | 0.00 | 1 | 0.00 | |
| FNB Bank | Class 3 Subclass A | 117.46 | 12 | 1409.52 | |
| | Class 3 Subclass B | 18199.35 | 1 | 18199.35 | |
| Golden Belt C.U. | Class 4 | 1413.56 | 12 | 16962.72 | |
| Gen Unsecureds | Class 5 | 24.00 | 1 | 24.00 | |
| **Total Farm Debt Service** | | | | | **$ 42,480.72** |

**NET CASH FLOW**    $ 9.24